# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| NACION COLLY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. _____ |
| | ) | |
| GEORGIA-PACIFIC LLC, | ) | |
| | ) | |
| Defendant. | ) | |

<u>JURY TRIAL DEMANDED</u>.

## <u>COMPLAINT FOR DAMAGES</u>

COMES NOW the Plaintiff, Nacion Colly ("Plaintiff" or "Colly"), by and through the undersigned counsel, and files this Complaint for Damages against Defendant Georgia-Pacific LLC ("Defendant" or "GP",) pursuant to the Family Medical Leave Act ("FMLA"), the Americans with Disabilities Act ("ADA"), and Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, and shows the Court as follows:

1

## JURISDICTION AND VENUE

1.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. §1331 and 42 U.S.C. § 2000e-5(f).

2.

The unlawful employment practices alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. §1391 and 42 U.S.C.§2000(e)-5(f), venue is appropriate in this Court.

## PARTIES

3.

Plaintiff is a citizen of the United States of America and is subject to the jurisdiction of this Court.

4.

Defendant is qualified and licensed to do business in Georgia and at all times material hereto has conducted business within this District. Defendant is subject to specific personal jurisdiction in this Court over the claims asserted herein.  Defendant maintains its principal place of business at 133 Peachtree Street NE, Atlanta, Georgia

30303, and may be served by service on its registered agent, CT Corporation System,

289 S. Culver Street, Lawrenceville, Georgia 30046.  Both its principle place of

business and its registered agent are located in the territory covered by the Atlanta

Division of the Northern District of Georgia.

## ADMINISTRATIVE PROCEDURE

5.

Plaintiff timely filed a charge of discrimination against Defendant with the

Equal Employment Opportunity Commission (EEOC) on or about August 28, 2018,

Charge of Discrimination No. 410-2018-00516, less than thirty (30) days after her

termination.

6.

On January 23, 2020, the EEOC issued a *Determination* on the merits for

Charge No. 410-2018-00516, finding that ". . . there is reasonable cause to conclude

that Charging Party was discriminated against because of her disability in violation

of the ADA."

7.

The EEOC issued a "Notice of Right to Sue" on June 9, 2020, entitling an action to be commenced within ninety (90) days of receipt of that notice.

8.

This action has been commenced within ninety (90) days of receipt of the "Notice of Right to Sue."

**BACKGROUND FACTS**

9.

Defendant GP is now, and at all times relevant hereto, has been an employer subject to the FMLA and the ADA.

10.

Ms. Colly began her employment with Defendant in January 2000, as an Accounting Supervisor. She continued her employment with Defendant GP for almost eighteen (18) years, through August 17, 2018, when she was terminated by Defendant GP while she was out of the office on approved FMLA and short-term disability leave, which was approved through September 12, 2018.

11.

While on medical leave, Ms. Colly filed an internal complaint alleging discrimination based on her medical condition and disability through the third party Ethics Hotline established by Defendant GP for its employees.

12.

On June 7, 2018, the Defendant delivered to Ms. Colly notice that it was filling her position.

13.

On or about July 31, 2018, Ms. Colly contacted Defendant GP's Human Resources Manager, David Rodriguez, and left a voice mail message for him, requesting information related to her [Colly's] pending return to work, including, but not limited to, requesting guidance on procedure, virtual meetings, and other departmental information.   Mr. Rodriguez did not return the call or otherwise respond.  Ms. Colly again attempted to contact Mr. Rodriguez again on August 15, 2018.

14.

The next day, August 16, 2018, Mr. Rodriguez informed Ms. Colly that she was being separated from employment effective August 17, 2018.  Any given reason

for such termination is pretextual in an effort to cover for unlawful discrimination and retaliation.

15.

Defendant GP was on notice that Ms. Colly's absence from the workplace was necessitated by her qualifying conditions as defined under the FMLA and ADA. Defendant GP, in fact, approved both her FMLA absence and her additional short-term disability leave.

16.

Defendant GP interfered with Ms. Colly's exercise of her FMLA and ADA rights and further retaliated against her for her exercise of the same.

17.

Defendant GP terminated Ms. Colly in retaliation for her exercise of her rights under the FMLA and the ADA, thus violating the FMLA and the ADA.

18.

In terminating Ms. Colly, Defendant GP discriminated against her, on the basis of her disability, in violation of the ADA. The termination in response to her engaging in protective activity under the ADA also constitutes unlawful retaliation.

19.

Ms. Colly worked for Defendant GP for more than 1250 hours during the 12-month period immediately preceding her FMLA protected absences and leave.  Ms. Colly further was employed by Defendant GP for more than twelve (12) months preceding her FMLA and ADA protected absences, request for leave, and termination.

20.

Defendant GP is a private sector employer having more than five hundred (500) employees in twenty (20) or more work weeks in the 2018 and 2019 calendar years, all within seventy-five (75) miles of the location where Plaintiff worked for Defendant GP.

**COUNT I:  VIOLATION OF FAMILY AND MEDICAL LEAVE ACT
(INTEREFERENCE AND RETALIATION)**

21.

Plaintiff Colly incorporates by reference the statements and allegations contained in paragraphs 1-20, *supra*.

22.

Defendant GP is, and at all relevant times, has been an "employer" as defined by the FMLA.

23.

Ms. Colly was an eligible employee covered by the FMLA.

24.

Ms. Colly engaged in protected conduct under the FMLA, 29 U.S.C. §2601, et seq., entitling her to all appropriate relief under the statute.

25.

Defendant GP interfered with Ms. Colly's rights protected under the FMLA, entitling her to all appropriate relief under the statute.

26.

Defendant GP retaliated against Plaintiff in response to her exercise of her protected conduct under the FMLA, entitling Plaintiff to all appropriate relief under the statute.

27.

Defendant GP terminated Plaintiff in response to her lawfully protected use of the provisions of the FMLA which resulted in her absence from the work site.  Any

reason given for Plaintiff's termination, especially given her announcement of her immediate return to work just prior to her termination, is a pretext intended to cover Defendant GP's unlawful interference.

28.

Defendant GP's termination was in retaliation against Ms. Colly for her exercise of her rights under the FMLA.

29.

As a direct result of her termination, Ms. Colly has suffered lost wages and other damages for which she is entitled to recover.  Further, Defendant GP's violation of the FMLA were reckless and intentional, entitling Ms. Colly to liquidated damages.

**COUNT II:  VIOLATIONS OF THE
AMERICANS WITH DISABILITIES ACT
(DISCRIMINATION AND RETALIATION)**

30.

Plaintiff incorporates by reference the statements and allegations contained in paragraphs 1-28, *supra*.

31.

Section 102 of the Americans with Disabilities Act, 42. U.S.C. §12101 *et seq.*, as amended, protects qualifying individuals, including Ms. Colly, from adverse employment actions based on a known disability.

32.

At all times relevant to this action, Ms. Colly was a "qualified individual" as defined in the ADA.

33.

At all times relevant to this action, Ms. Colly has been an individual with qualifying disabilities, as defined in the ADA.

34.

At all times relevant to this action, Defendant GP and its employees and agents involved in the decision to terminate Ms. Colly were aware of Ms. Colly's disabilities, both prior to and at the time of her termination, having approved additional short-term disability absences.

35.

Ms. Colly's disabilities and/or need for a reasonable accommodation were determinative facts in Defendant GP's decision to terminate Ms. Colly.

36.

At all times relevant to this action, Ms. Colly could perform the essential functions of her position with reasonable accommodation.

37.

Defendant GP considered Ms. Colly to have disabilities as defined by the ADA.

38.

In terminating Ms. Colly, Defendant GP discriminated against Ms. Colly because of her actual or perceived disabilities, of which Defendant was aware, and/or because of her use or need of a reasonable accommodation, thus violating her rights under the ADA entitling her to all appropriate relief thereunder.

39.

In terminating Ms. Colly after she filed an internal complaint related to her disability, and prior to her pre-approved absence arising from her disability, Defendant GP retaliated against Ms. Colly in violation of the ADA.

40.

As a result of Defendant GP's unlawful actions, Ms. Colly has suffered both financial damages and emotional distress and other non-pecuniary damages, for which she is entitled to recover from Defendant GP.

41.

Defendant GP's actions were intentional, malicious, and with reckless disregard to Ms. Colly's federally protected rights, entitling Ms. Colly to punitive or exemplary damages in an amount to be determined by the enlightened jury.

WHEREFORE, Plaintiff, Ms. Nacion Colly, respectfully prays for judgment in her favor and against the Defendant, Georgia-Pacific LLC, as follows:

a. On her claims arising from Defendant GP's violation of the Family Medical Leave Act, general damages for economic loss, including, but not limited to, back pay, front pay, liquidated damages, damages arising from Ms. Colly's mental and emotions suffering, attorneys' fees, and costs of this action;

b. On her claims arising from Defendant GP's violation of the Americans with Disabilities Act, general damages for economic loss, including, but not limited to, back pay, front pay, liquidated damages, damages arising from Ms. Colly's mental and emotions suffering, attorneys' fees, and costs of this action;

c.  Punitive or exemplary damages in an amount to be determined by the jury;

d.  Reasonable attorney's fees and expenses of litigation;

e.  Trial by jury;

f.  Prejudgment interest at the statutorily provided rate;

g.  All equitable relief available under the FMLA and ADA, including, but not limited to, injunctive relief ordering reinstatement in the same or similar grade and pay, or lieu thereof, front pay commensurate with her eighteen (18) years of service to Defendant GP, and prohibiting Defendant GP from further unlawful conduct; and

h.  All other such relief as may be deemed necessary and proper at law or in equity.

Respectfully submitted this 25th day of June, 2020.

**David M. Messer, Esq.**
Georgia Bar No. 771007
Briskin, Cross & Sanford, LLC
1001 Cambridge Square, Suite D
Alpharetta, GA 30009
(770) 410-1555
dmesser@briskinlaw.com

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Local Rule 7.1D of the Civil Local Rules of Practice for the United States District Court for the Northern District of Georgia, this is to certify that the foregoing *Complaint* complies with the font and point selections approved by the Court in Local Rule 5.1C.  The foregoing was prepared on computer using Times New Roman (14 point).

**<u>David M. Messer, Esq.</u>**
Georgia Bar No. 771007
Briskin, Cross & Sanford, LLC
1001 Cambridge Square, Suite D
Alpharetta, GA  30009
Ph:  770-410-1555
Fx:  770-410-3281
dmesser@briskinlaw.com
Counsel for Plaintiff
